## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-6179 ABC (JWJx) | Date | May 29, 2008 |
|---|---|---|---|
| Title | GayDays, Inc. v. Master Entertainment, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None Present | | None Present | |

**Proceedings:**     ORDER RE: Plaintiff GayDays, Inc.'s Motion to Strike (In Chambers)

        Pending before the Court is yet another motion filed by Plaintiff GayDays, Inc. ("Plaintiff"), this time to strike documents filed by Defendants Master Entertainment, Inc. ("Defendant"). The motion was filed on May 12, 2008. Defendant opposed on May 19, 2008 and Plaintiff replied on May 26, 2008. Defendant requested leave to file a surreply but the Court DENIES this request as unnecessary. The Court also finds this matter appropriate for resolution without oral argument and VACATES the June 2, 2008 hearing date. Fed. R. Civ. Proc. 78; Local Rule 7-15. Having considered the briefs and case file in this matter, the Court DENIES Plaintiff's motion and DENIES Defendant's request for attorney's fees.

        Plaintiff's latest challenge to Defendant's ability to prosecute this case rests on its claim that Defendant's corporate status was suspended by the California Franchise Tax Board since September 7, 2007. Plaintiff filed the complaint in this case on September 24, 2007, and, since that time, Defendant has vigorously litigated various motions and filed an answer and counter-claims. Through much sound and fury, Plaintiff requests the Court strike these filings because of Defendant's invalid corporate status and then enter default for failing to respond to Plaintiff's complaint.

        The parties met and conferred only a few days before Plaintiff filed the instant motion. During that meeting, Defendant indicated that it was taking immediate steps to remedy its invalid corporate status, and, indeed did so on May 15, 2008 – three days after Plaintiff filed this motion – when the California Franchise Tax Board issued a certificate of revivor. Although Defendant suggests that this motion would have been unnecessary if Plaintiff had waited the 20 days required by Local Rule 7-3, the Court believes that Plaintiff would have filed this motion regardless.

        The parties do not dispute that Defendant's corporate status was suspended on September 7, 2007. Normally, a "corporation may not prosecute or defend an action, nor appeal from an adverse

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○
**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6179 ABC (JWJx) | Date | May 29, 2008 |
|---|---|---|---|
| Title | GayDays, Inc. v. Master Entertainment, Inc., et al. | | |

judgment in an action while its corporate rights are suspended for failure to pay taxes[.]" Reed v. Norman, 48 Cal. 2d 338, 343 (1957); see also Cadle Co. v. World Wide Hospitality Furniture, Inc., 144 Cal. App. 4th 504, 512 (2006) (noting that a motion challenging the defendant's corporate status was appropriate because "Hospitality had no right to defend or participate in the lawsuit during the suspension of its corporate powers."). Defendant does not quarrel with the proposition, but it contends that its now-revived corporate status is retroactive and renders all prior filings between September 7, 2007 and May 15, 2008 valid. The Court agrees. As the court in Cadle Co. held, "[t]he suspension statutes are not intended to be punitive. Once the statutory goals underlying suspension [i.e., to motivate delinquent corporations to pay back taxes or file missing statements] are met, no purpose is served by imposing additional penalties." 144 Cal. App. 4th at 512. "Leniency permits a delinquent corporation to secure a revivor, even at the time of the hearing, at the request of the corporation or on the trial court's own motion." Id. Most important, revival of corporate status "validate[s] the earlier acts and permit[s] the corporation to proceed with the action." Id. at 513 (citing Peacock Hill Ass'n v. Peacock Lagoon Constr. Co., 8 Cal. 3d 369, 373-74 (1972)).

Here, Defendant perfected a revival, which validated all its prior actions before this Court. Plaintiff has cited no authority that undermines this conclusion, and the Court DENIES Plaintiff's motion to strike Defendant's pleadings and enter default on this basis.

Plaintiff argues secondarily that Defendant should strike Defendant's prior pleadings as a sanction for failing to bring its invalid corporate status to the Court's attention earlier. Generally "[a] corporation's suspended status and lack of capacity to defend an action is a plea in abatement that must be asserted at the earliest opportunity." Id. at 511. Here, Defendant filed documents with the Court as early as December 2007 from the California Secretary of State's website that prominently indicate Defendant's corporate status was "suspended." Defendant fails to adequately explain why it did not bring this to the Court's attention then. However, that failure appears to be inadvertent, despite Plaintiff's urging otherwise. Defendant was able to secure a revivor almost immediately after Plaintiff notified it of the suspension and there appears to be no conceivable motive for Defendant to conceal its invalid corporate status from the Court. The Cadle Co. court noted that there is "a strong public policy disfavoring pleas in abatement." See 144 Cal. App. 4th at 513. Since "[s]uspension of a corporation is intended to encourage them to pay taxes, not provide a monetary windfall to private parties," the Court DENIES Plaintiff's motion to strike as a sanction. Id. at 514. Plaintiff also requests sanctions for the first time in its reply for an alleged conflict of interest and for discovery issues. The Court DENIES these requests as improperly raised for the first time in reply.

The Court also DENIES Defendant's request for attorney's fees to defend this motion. Defendant did not bring the issue of its corporate status to light earlier, and, although this does not suggest any bad faith, Defendant will not be rewarded for failing to bring the issue to the Court before Plaintiff raised it. Cf. Palm Valley Homeowners Ass'n, Inc. v. Design MTC, 85 Cal. App.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6179 ABC (JWJx) | Date | May 29, 2008 |
|---|---|---|---|

| Title | GayDays, Inc. v. Master Entertainment, Inc., et al. |
|---|---|

4th 553, 562 (2000) (imposing sanction of striking pleadings only where counsel "chose to conceal its knowledge of the suspension" and failed to cure the suspension before pursuing final judgment).

   **IT IS SO ORDERED.**

                                                                                       :
                                              Initials of Preparer         DA