Joseph F. Nicholson (admitted *pro hac vice*)
Michael Kelly (admitted *pro hac vice*)
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Telephone:  212.425.7200
Facsimile:   212.425.5288

Lincoln Bandlow (SBN 170449)
Spillane Shaeffer Aronoff Bandlow LLP
1880 Century Park East, Suite 1004
Los Angeles, California 90067-1623
Telephone:  310.229.9300
Facsimile:   310.229.9380

Attorneys for Defendants
Master Entertainment, Inc. and Brett Henrichsen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| GAYDAYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MASTER ENTERTAINMENT, INC. AND BRETT HENRICHSEN,<br><br>Defendants. | Case No.  2:07-cv-06179-ABC-JWJ<br><br>PROTECTIVE ORDER<br><br>**NOTE: CHANGES MADE BY THE COURT IN BOLD** |
| BRETT HENRICHSEN,<br><br>Counterclaim-Plaintiff and Third-Party Plaintiff,<br><br>v.<br><br>GAYDAYS, INC.,<br>Counterclaim-Defendant,<br><br>and<br><br>CENTAUR ENTERTAINMENT, INC. and NICHOLAS R. DE BIASE<br><br>Third-Party Defendants. | |

In order to protect confidential and/or competitively sensitive information or things produced or disclosed in connection with the instant action, the parties to this action have stipulated, through their respective counsel, to the entry of the following Protective Order regarding confidentiality of such information and things.  The Court, having considered the terms set forth below and finding good cause therefore, hereby ORDERS that:

1. "CONFIDENTIAL MATERIAL" shall mean and include:
    a. Trade secrets such as product formulas, manufacturing methods and product development plans and the like;
    b. Confidential sales and marketing information, including invoices, price lists, customer lists, marketing plans, market share data, sales manuals and other sales-related information;
    c. Confidential financial information including business information related to profits and/or other revenues of a party;
    d. Confidential business information related to costs and/or other expenses of a party incurred in the performance of its business;
    e. Confidential contracts, licenses or other agreements, including, without limitation, those concerning importation, exportation, supplies, distribution or sale, as well as negotiations, discussions or other communications relating thereto;
    f. Confidential information concerning a party's geographic distribution and dates of sales, distributors, channels of distribution, outlets through which the party's goods and/or services are sold, consumers to whom the goods and/or services are marketed and target markets for the goods and/or services;
    g. Confidential market or consumer surveys, focus groups and the like, except surveys generated for purposes of this litigation;
    h. Confidential information regarding a party's advertising and promotion, including, without limitation, advertisements or promotions (or drafts

thereof) and advertising or promotion strategy materials;

    i. Confidential business plans, including, without limitation, sales plans, marketing plans, trade plans and media plans;

    j. Any confidential business information that could, if disclosed to the public, cause harm to any of the parties', or a third party's, competitive position;

    k. Any document or thing that was created or prepared by reference, in whole or in part, to any material(s) described hereinabove including without limitation any such documents or things created or prepared by any expert, party, or third party; and

    l. Provided, however, any information that is in the public domain, has been published to the public or is otherwise generally available to the public shall not be CONFIDENTIAL MATERIAL.

2. All CONFIDENTIAL MATERIAL produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" by one party shall not be used outside this proceeding by any other party.

3. Use of any CONFIDENTIAL MATERIAL subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, in no way operates to restrict the disclosure or use of any information or documents that are known or become known through means or sources outside of this litigation.

4. The parties as well as third parties subpoenaed by one of the parties may designate as "Confidential" documents, testimony, or other materials produced in this case that contain CONFIDENTIAL MATERIAL. If any party to this action or subpoenaed third party claims that any document or other material produced by such party or third party is confidential or that any information contained in the document or material is confidential, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a

stamp identifying it as "Confidential"; or such party may mark the document as "Confidential" by so marking the applicable section of the document menu that describes the document or the disc that contains the document should all documents on such disc be "Confidential".

5. The parties as well as third parties subpoenaed by one of the parties also may designate as "Attorneys' Eyes Only" documents, testimony, or other materials produced in this case that contain CONFIDENTIAL MATERIAL as to which the producing party contends it would suffer injury if such information were to be disclosed to the other party or to a competitor of the disclosing party. If any party to this action or subpoenaed third party claims that any document or other material produced by such party or third party or any information contained in the document or material falls within this category, then the party or third party claiming such confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Attorneys' Eyes Only"; or such party may mark the document as "Confidential" by so marking the applicable section of the document menu that describes the document or the disc that contains the document should all documents on such disc be "Confidential".

6. At or within thirty (30) days after receipt of the transcript of the deposition of any party or witness in this case, if the questioning is such that the party or witness determines that the answers disclose information that could be classified as "Confidential" or "Attorneys' Eyes Only," such party or witness may designate that information with the respective "Confidential" or "Attorneys' Eyes Only" designation(s). A party may not simply designate an entire transcript as Confidential, or Attorneys' Eyes Only but shall make a good-faith effort to designate such information by page and line number. Moreover, during the conducting of a deposition, if a party or witness determines that a question will call for the disclosure of "Confidential" or "Attorneys' Eyes Only" information, such party or witness may request prior to answering the question that the portion of the transcript that will contain such answers be designated with the appropriate

"Confidential" or "Attorneys' Eyes Only" designation, provided the court rerporter is reasonably able to do so.

7. In the event that any papers to be filed or lodged with the Court contain or refer to documents or other materials designated "Confidential" or "Attorneys' Eyes Only," the proposed filing or lodging of such papers shall be accompanied by an application pursuant to Local Rule 79-5.1 or such other rules as may then be in effect, to file or lodge under seal the papers or the portions thereof containing or referring to documents or other materials designated "Confidential" or "Attorneys' Eyes Only"; such application shall be directed to the judge to whom the papers are directed.

If a person wishes to submit to the Court any pleadings, memoranda, or other papers containing or referring to documents or other materials designated "Confidential" or "Attorneys' Eyes Only," such paper shall be delivered to the Clerk of the Court in sealed envelopes in compliance with Local Rule 79.5-1 and bearing the word "CONFIDENTIAL" and a statement substantially in the following form:

CONFIDENTIAL or ATTORNEYS' EYES ONLY

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER ISSUED BY THE COURT. IN ACCORDANCE WITH THE PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPHS 9 OR 10 OF THE PROTECTIVE ORDER.

Either party may request that any Court hearing that refers to or describes any documents or other materials designated "Confidential" or "Attorneys' Eyes Only"

be held in camera.  The manner of presentation and use of "Confidential" and/or "Attorneys' Eyes Only" at any such hearing and/or at trial shall be addressed by the presiding judge.

8. If any application filed in accordance with this Order is granted, the Clerk of this Court is directed to maintain under seal all material filed pursuant to this Court's order and Local Rule 79-5.2 or such other rules as may then be in effect. Any persons seeking access to any papers filed or lodged under seal shall file an application for disclosure in accordance with Local Rule 79-5.3 or such other rules as may then be in effect.

9. The parties may designate as "Confidential" information, documents, testimony and things that are CONFIDENTIAL MATERIAL as defined in Paragraph 1 above.  Use of any information and documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated in writing by counsel or authorized by the Court:

   a. The directors, officers, and employees of the parties for whom it is necessary to disclose the confidential information or documents, which includes in-house counsel for any party to the above-captioned litigation, including, but not limited to, paralegal assistants and stenographic and clerical employees within the party's legal department.

   b. Counsel for any party to the above-captioned litigation, attorneys of counsels' law firms, and all employees of those firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees.

   c. Any individual retained or specially employed by a party as a witness or as an expert either in anticipation of litigation, preparation for trial, or to testify at trial, provided that such individual executes a statement agreeing to be bound by this Protective Order as follows: "I have been provided and have read the Stipulated Protective Order entered in this case,

and I expressly agree to be bound by its terms as ordered by the Court."

    d.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action, and the jury in the trial of this action.

    e.    The authors and original recipients of the documents.

    f.    Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

10. The parties may designate CONFIDENTIAL MATERIAL as "Attorneys' Eyes Only" provided the information, documents, testimony and/or things relate to: (i) research or development ongoing at the time of production of such information, documents, or things; (ii) research or development which has never resulted in a commercial product; (iii) proposed research or development; (iv) pending patent applications; (v) information regarding products not yet for sale, lease, or otherwise publicly disclosed; (vi) marketing, business or advertising plans, reports or data; (vii) costs, margins and customer lists; (viii) how sales prices of products are determined by the seller of such products; or (ix) any other highly commercially or competitively sensitive business information, documents, or things. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.    Outside counsel for any party to the above-captioned litigation, and all employees of outside counsel's firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees.

    b.    In-house counsel for any party to the above-captioned litigation, including, but not limited to, paralegal assistants and stenographic and clerical employees within the party's legal department.

      c.    Any individual retained or specially employed by a party as an expert either in anticipation of litigation, preparation for trial or to testify at trial, for whom it is necessary to disclose the confidential information or documents and who is not, nor has ever been, an officer, director, or employee of a party and provided that such individual executes a statement agreeing to be bound by this Protective Order as follows: "I have been provided and have read the Stipulated Protective Order entered in this case, and I expressly agree to be bound by its terms as ordered by the Court."

      d.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action, and the jury in the trial of this action.

      e.    The authors and the original recipients of the documents.

      f.    Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

11. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be (a) discussed by a party or (b) disclosed in a deposition or other hearing or proceeding, any party claiming confidentiality may exclude from the room any person, other than persons designated in Paragraphs 10 and 11 of this Protective Order, as appropriate, for that portion of the deposition, hearing, or proceeding.

12. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information as provided under federal law. Nothing in this Protective Order shall prejudice any party from seeking amendments to it broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

13. Upon the request of the producing party, within thirty (30) days after

the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the other party or parties shall return to every other party or witness or destroy all information and documents subject to this Protective Order and any copies thereof.  This material shall be delivered in sealed envelopes marked "Confidential" to respective counsel.  Outside counsel for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda containing "Confidential" or "Attorneys' Eyes Only" information, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action and shall not, without the written permission of the producing party or an order of the Court, be disclosed to anyone other than such outside counsel.

      14.    Each party reserves the right to dispute the "Confidential" or "Attorneys' Eyes Only" status claimed by any other party or subpoenaed party in accordance with this Protective Order.  The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court pursuant to the procedure in paragraph 15.

      15.    If any party believes that any information or documents have been inappropriately designated by another party or subpoenaed party as "Confidential" or "Attorneys' Eyes Only," the party shall, in writing, inform counsel for the party or the witness claiming the protected status.  The parties and/or witness shall then meet and confer within three (3) business days of receipt of such writing to try to resolve the issue(s).  If the parties and/or the witness are unable to resolve the matter informally, the party objecting to the claim shall prepare, within three (3) business days of the meet and confer, a joint stipulation to be filed with the Court by *ex parte* application identifying the objected to information and the ground(s) for the applicable confidential designation.  The Court shall then rule on the ex parte application and the confidential status of the information.

      The inadvertent failure to designate a document, testimony, or other

information as "Confidential" or "Attorneys' Eyes Only" prior to or at the time of disclosure shall not operate as a waiver of the party's right to later designate said document, testimony, or other information as "Confidential" or "Attorneys' Eyes Only."  The restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**The Court and its personnel shall not be bound by the terms of this agreement.**

IT IS SO ORDERED.

Dated: August 18, 2008                              _____/ S /_____
                                                    Jeffrey Johnson
                                                    United States Magistrate Judge